

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALTON D. BROWN : CIVIL ACTION

v.

JEFFREY A. BEARD, et al. : NO. 13-465

**MEMORANDUM ORDER**

AND NOW, this 17th day of April, 2013, upon consideration of the Motion to Stay Proceedings (Doc. 7) filed by Defendants Prison Health Services, Inc. and Felipe Arias, MD ("the Medical Defendants"),[1] and plaintiff's response thereto, it is hereby

**ORDERED**

that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff is a pro se prisoner, currently incarcerated at the State Correctional Institution at Graterford, Pennsylvania. Plaintiff seeks relief under 42 U.S.C. § 1983, alleging that defendants have violated his constitutional rights in that there is little or no ventilation in his cell and that the lack of ventilation is due to various intentional acts of Graterford employees. See generally Compl. ¶¶ 26-35. Due to the lack of ventilation, plaintiff claims that he cannot breathe properly in his cell and that he often breathes in dirt and dust. Id. ¶¶ 27, 38-39. According to plaintiff, the condition of the air in his cell has caused pain and damage to his lungs and he constantly coughs up mucous containing blood. Id. ¶¶ 40, 42. Although he has filed multiple prison grievances and written letters to defendants regarding such conditions, plaintiff

---

[1] Defendants Jeffrey Beard, David DiGuglielmo, Dorina Varner, Scott Williamson, John K. Murray, George Hiltner, Julie Kavner, Myron Stanishefski, John Day and D. White (the "Commonwealth Defendants") did not join in the Medical Defendants' Motion to Stay.

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Twombly, 550 U.S. at 555. The Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). Additionally, because plaintiff is a pro se litigant, it is well-established that the court must liberally construe his pleadings. Higgs v. Atty. Gen. of the United States, 655 F.3d 333 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972)). The court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d. Cir. 2003).

In § 1983 actions, federal courts apply the state law statute of limitations for personal injury actions. Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F3d 582, 599 (3d Cir. 1998). Under Pennsylvania law, the statute of limitations for personal injury actions is two years. See 42 Pa. Con. Stat. Ann. § 5524. See also McGovern v. City of Philadelphia, 554 F.3d 114, 115 n.2 (3d Cir. 2009) (noting that § 1983 claims in Pennsylvania are governed by

3

two-year statute of limitations). Although courts apply the applicable statute of limitations period under state law, the determination of when a § 1983 claim accrues is a question of federal law. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)). Under federal law, a civil rights claim accrues "when the plaintiff knew or should have known of the injury upon which its action is based." Id. (quoting Sameric Corp. of Delaware, Inc., 142 F.3d at 599). "The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." Id. (quoting Barren v. United States, 839 F.2d 987, 990 (3d Cir. 1988)). Generally, a cause of action is considered to have accrued "at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." Id. (citing United States v. Kubrick, 444 U.S. 111, 120, 100 S. Ct. 352, 62 L.Ed.2d 259 (1979)).

Because plaintiff alleges that he has been living under the conditions complained of for an extended period of time, see Compl. ¶ 49, the "continuing violations doctrine" may apply to his causes of action. The continuing violations doctrine is an "equitable exception to the timely filing requirement." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001) (quoting West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995)). The doctrine provides that, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Id. (quoting Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991)).

In order for a plaintiff to benefit from the doctrine, he must establish that the

4

defendant's conduct involves more than isolated or sporadic acts. Id. In determining whether the doctrine applies, there are three factors that courts should consider:

> (1) subject matter - whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency - whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence - whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.

Id. The court noted that the third factor, "degree of permanence," is the most important. Id. (citing Berry v. Bd. of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir. 1983)).

Defendants' contention that plaintiff's Complaint was not filed within the statute of limitations is significant, because a ruling in defendants' favor on this issue could cause the court to dismiss plaintiff's Complaint with prejudice. However, based on the allegations in plaintiff's Complaint, the court does not have sufficient facts to determine whether the continuing violations doctrine should apply to plaintiff's claims and whether plaintiff's Complaint was timely filed within the two-year statute of limitations. Plaintiff alleges that he was transferred to Graterford on January 12, 2006, and that he has endured the conditions complained of for nearly five years. See Compl. ¶¶ 19, 49. However, plaintiff does not supply the dates on which any of defendants' actions occurred. Plaintiff represents in the Complaint that "[t]he conditions on J-Block has been continuous and ongoing and Plaintiff has only recently discovered that the conditions had caused him substantial injuries to his lungs, and possibly heart, over a period of time." Id. ¶ 42.[2] From the allegations set forth in the Complaint, the court

---

[2] The court notes that plaintiff states: "within the past two months, temperatures in this closed cell (C/12) has reached well over 100 degrees on many occasions, causing walls to sweat, and placing Plaintiff in a weakened state and to the point of heat exhaustion and/or stroke

5

is unable to determine the date on which plaintiff, "knew or should have known of the injury upon which its action is based," see Kach, 589 F.3d at 634, or whether the continuing violations doctrine should apply.

Therefore, in the interest of judicial economy, and pursuant to Federal Rule of Civil Procedure 72(a), the court directs the parties to conduct limited discovery regarding the applicable statute of limitations. The parties should cooperate in the discovery process for a period of sixty (60) days in an effort to determine the dates on which the alleged acts of the defendants occurred, the date on which plaintiff became aware of the conditions complained of, and ultimately, the date(s) on which plaintiff knew or should have known of the injury or injuries which form the basis of his causes of action against defendants.[3]

Until such time as the limited discovery is completed as described above, the court grants the Medical Defendants' Motion to Stay Proceedings to the extent it applies to scheduling matters not related to discovery regarding the applicable statute of limitations. The

---

(Plaintiff's numerous medications also contributed to heat problems). Compl. ¶ 46.

[3] After completion of discovery on this limited issue, defendants shall promptly notify the court whether they intend to file motions for summary judgment based on the statute of limitations (or request the court to convert the pending motions to dismiss to motions for summary judgment). See Fed. R. Civ. P. 12(d). If defendants intend to do so, the court will order a briefing schedule.

6

Motion is denied to the extent that the parties shall conduct limited discovery regarding the applicable statute of limitations, as described above.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge