IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALTON D. BROWN | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| JEFFREY A. BEARD, et al. | : | NO. 13-465 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                            July 12, 2013
United States Magistrate Judge

        Presently before the court is the Motion for Temporary Restraining Order and Preliminary Injunction filed by plaintiff (Doc. 26) (the "Motion") and the responses of defendants (Docs. 27 and 40). For the reasons explained below, the court respectfully recommends that the Motion be **DENIED AS MOOT**.

        Plaintiff is a pro se prisoner. Plaintiff seeks relief under 42 U.S.C. § 1983, alleging that defendants have violated his constitutional rights in that there is little or no ventilation in his cell and that the lack of ventilation is due to various intentional acts of SCI Graterford employees. See generally Compl. ¶¶ 26-35. Due to the lack of ventilation in his cell, plaintiff claims that he cannot breathe properly in his cell and claims that he often breathes in dirt and dust. Id. ¶¶ 27, 38-39. According to plaintiff, the condition of the air in his cell has caused pain and damage to his lungs and he constantly coughs up mucous containing blood. Id. ¶¶ 40, 42. Plaintiff represents that he has filed multiple prison grievances and written letters to defendants regarding such conditions; plaintiff claims that he has been denied medical care in retaliation for filing such grievances and lawsuits. Id. ¶¶ 53-54, 59.

        Plaintiff commenced this action on October 22, 2010, originally filing the case in

the United States District Court for the Western District of Pennsylvania. It was transferred to this court on January 28, 2013 and the undersigned entered a Scheduling Order on February 27, 2013 (Doc. 5). Defendants Felipe Arias, M.D. and Prison Health Services, Inc. (the "Medical Defendants") filed a Motion to Stay on March 12, 2013. In the Motion to Stay, the Medical Defendants noted that plaintiff served written discovery requests in January 2013; however, counsel for the Medical Defendants informed plaintiff that the Medical Defendants "would not be providing discovery responses given the pending nature of the case, including the transferred Motions to Dismiss." (Mot. at 1.) The Medical Defendants re-filed their Motion to Dismiss on March 12, 2013 (Doc. 8), arguing inter alia, that plaintiff's claims are barred by the statute of limitations. Defendants Jeffrey A. Beard, David DiGuglielmo, Dorina Varner, William Banta, Scott Williamson, John K. Murray, George Hiltner, Julie Knaver, Myron Stanishefski, John Day and D. White (collectively, the "Commonwealth Defendants") also filed a motion to dismiss on March 15, 2013 (Doc. 12), similarly raising a statute of limitations issue. To date, plaintiff has not filed a response to either motion to dismiss.

By Memorandum Order dated April 17, 2013 (Doc. 21), the undersigned granted in part and denied in part the Medical Defendants' Motion to Stay Proceedings. In so doing, the court ordered the parties to conduct limited discovery for a period of sixty-days regarding the applicable statute of limitations in order to determine the dates on which the alleged acts of the defendants occurred, the date on which plaintiff became aware of the conditions complained of, and ultimately, the date(s) on which plaintiff knew or should have known of the injury or injuries which form the basis of his causes of action against defendants.

Plaintiff filed the instant Motion on May 24, 2013. Plaintiff requests the court to enjoin defendants from "retaliating against him and housing him in an unventilated cell." Plaintiff appears to renew the claims asserted in his Complaint. Plaintiff states:

> As stated in the declaration submitted with this motion, the Plaintiff is being subjected to conditions of confinement in the Restricted Housing Unit that is seriously effecting [sic] his health and causing needless pain and suffering. Plaintiff has been housed in the SCI-Graterford RHU since January 2006, with little or no ventilation, which has resulted in lung pain, breathing problems, severe headaches, change of voice, constant coughs and production of sputum, and Chronic Distructive [sic] Pulmonary Disease and related symptoms. While the medical staff has recently attempted to provide Plaintiff with medical relief, the security staff has sabotaged these attempts by refusing to transport him to the clinic for emergency breathing treatments, and by refusing to provide relief from the harmful conditions. In fact, Defendants'/Agents are presently purposely making the condition as extreme as possible to punish Plaintiff for his continued litigious behavior and refusal to retract several grievances filed against RHU staff and their relatives (J. Terra and R. Terra). Plaintiff is being forced to breathe harmful amounts of dust, dirt, tobacco and paper smoke, toxic fumes, and other particles that causes his conditions to worsen at a rapid pace.

(Pl.'s Mem. of Law at 1-2.)

In response to plaintiff's Motion, the Commonwealth Defendants notified the court that on July 2, 2013, plaintiff was transferred from SCI Graterford to the State Correctional Institution at Smithfield. See Doc. 40, Ex. A. Thus, plaintiff is no longer subject to the allegedly harmful conditions at SCI Graterford. Therefore, the Motion must be denied as moot. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."). See also Griffin v. Beard, 401 F.App'x 715, 716-17 (3d Cir. 2010) (not precedential) (prisoner complaining of harm from inadequate ventilation and exposure to coal smoke in prison was denied injunctive relief as moot because prisoner was transferred to a different prison).

3

Accordingly, the court makes the following:

**RECOMMENDATION**

AND NOW, this 12th day of July, 2013, the court respectfully recommends that plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 26) be **DENIED AS MOOT**.

The parties may file objections to the Report and Recommendation. <u>See</u> Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

_/s/ Thomas J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALTON D. BROWN : CIVIL ACTION
:
v. :
:
JEFFREY A. BEARD, et al. : NO. 13-465

**O R D E R**

AND NOW, this   day of           , 2013, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 26)  is **DENIED AS MOOT**.

BY THE COURT:

_____
EDUARDO C. ROBRENO,    J.