```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ALTON D. BROWN, | : | CIVIL ACTION |
| | : | NO. 13-465 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY A. BEARD, et al., | : | |
| | : | |
| Respondents. | : | |

## O R D E R

**AND NOW**, this **20th** day of **September, 2013**, after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (ECF No. 42)[1] and Plaintiff's objections thereto (ECF No. 80), as well as Plaintiff's objections to Magistrate Judge Rueter's orders limiting discovery to statute-of-limitations issues (ECF No. 23), denying his request for an extension of time to amend the Complaint (ECF No. 25), and denying various discovery requests (ECF No. 79), it is hereby **ORDERED** as follows:

    (1) The Report and Recommendation is **APPROVED** and **ADOPTED**;

---

[1] The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. See 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

(2) Plaintiff's objections to the Report and Recommendation (ECF No. 80) are **OVERRULED**;[2]

---

[2] Plaintiff was transferred from SCI-Graterford to SCI-Smithfield on July 2, 2013. Thus, Plaintiff is no longer subject to the allegedly harmful conditions at SCI-Graterford. "An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (citing Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993)). In his objections, Plaintiff argues that Defendants failed to meet their burden to show that the issue is actually moot. Plaintiff is mistaken—after filing a motion for a preliminary injunction and temporary restraining order and once evidence of mootness has been proffered, the burden is on him to show that the challenged action is (1) too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is reasonable likelihood that the same complaining party would be subjected to the same action again. Abdul-Akbar, 4 F.3d at 206.

Neither element is present here. Plaintiff's alleged persistent respiratory conditions are not too short in duration to permit full litigation. Also, although he claims there is a reasonable likelihood he could be transferred back to SCI-Graterford to make personal appearances in any of his numerous civil and criminal cases pending in nearby courthouses, his status as an "extreme flight risk" contradicts his assertion. See Commonwealth Def.'s Mot. Reconsideration Ex. A, DiGuglielmo Decl., Brown v. DiGuglielmo, No. 07-3771, ECF No. 17-1. Because at least one of his previous nine escape attempts occurred as he was being transported back to prison from a court hearing, see id. ¶¶ 4-5, he is unlikely to be transported back to SCI-Graterford for the sole purpose of appearing in court. And regarding his argument that harmful conditions continue at SCI-Smithfield, the Court refuses to consider such allegations in this initial Motion, limited to conduct allegedly occurring at SCI-Graterford, because Plaintiff has filed a Supplemental Motion for TRO and Preliminary Injunction dealing exclusively with harm occurring at his current location (ECF No. 55). Accordingly, the Court will approve and adopt the Report and Recommendation and deny Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order as moot.

(3) Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 26) is **DENIED AS MOOT**;

(4) Plaintiff's "Nunc pro Tunc" Objections (ECF No. 79) to Magistrate Judge Rueter's order denying various discovery requests are **OVERRULED** as untimely;[3]

(5) Plaintiff's Objections to Magistrate Judge Rueter's orders limiting discovery and denying an additional extension of time to amend the Complaint are **OVERRULED**;[4]

---

[3] Plaintiff submitted his objections to Magistrate Judge Rueter's order dated July 12, 2013, on August 26, 2013, well after the fourteen-day deadline set by Local Rule 72.1(IV)(A). He provides no valid reason for his untimeliness.

[4] These objections concern non-dispositive orders. Accordingly, Plaintiff must demonstrate that the orders were clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A) (2006 & Supp. V 2011). Regarding Magistrate Judge Rueter's Order limiting discovery to statute-of-limitations issues, Plaintiff argues that because the Complaint sets forth a continuing violation of his rights, there is no need to limit discovery in this manner. But Plaintiff misunderstands the purpose behind the Order. By permitting limited discovery, Magistrate Judge Rueter provided Plaintiff an opportunity to obtain relevant documents, if any, supporting the assertions in the Complaint regarding the statute of limitations. Plaintiff fails to realize that he cannot simply stand on the allegations in his Complaint throughout all stages of the proceedings. Once the discovery period is complete, the evidence of record controls and amending the Complaint cannot save him. Therefore, Plaintiff's objections are unfounded.

Regarding Magistrate Judge Rueter's Order denying Plaintiff's requests for an extension of time to amend the Complaint and for leave to amend the complaint, Plaintiff is incorrect that the order was limited only to his request for an extension of time—he formally moved for leave on March 22, 2013,

It is further **ORDERED** that Defendants' motions to dismiss (ECF Nos. 8, 12) are **DENIED without prejudice**, pending the resolution of their motions for summary judgment (ECF Nos. 44, 49).

It is further **ORDERED** that Plaintiff's Motion for Stay of Further Proceedings (ECF No. 87) is **DENIED**.[5]

   **AND IT IS SO ORDERED.**


   /s/ Eduardo C. Robreno
   **EDUARDO C. ROBRENO,   J.**

---

and in that motion admitted that the previous request for an extension of time to amend the complaint was supposed to be a motion for leave to amend. See Pl.'s Request for Leave to Amend Comp., ECF No. 15. Therefore, he was required to attach the proposed amendments but failed to do so, and Magistrate Judge Rueter was correct in denying the motions.

   Ultimately, Plaintiff fails to demonstrate that either of Magistrate Judge Rueter's non-dispositive orders was clearly erroneous or contrary to law.

[5]   Plaintiff's appeal is improper. He does not appeal a final order of the Court or an order regarding an injunction, and the Court did not certify the Order denying his Motion for Recusal (ECF No. 68) for immediate appeal. See 28 U.S.C. § 1292. Accordingly, the Court has no reason to stay the proceedings.