IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALTON BROWN,                        :    CIVIL ACTION
                                    :    NO. 13-465
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
JEFFREY A. BEARD, et al.,           :
                                    :
        Defendants.                 :

## O R D E R

**AND NOW,** this **15th** day of **January, 2014,** after careful and
independent consideration of the Report and Recommendation of United
States Magistrate Judge Thomas J. Rueter (ECF No. 103) and
Plaintiff's objections thereto (ECF No. 115),[1] it is hereby **ORDERED**
as follows:

(1)  The Report and Recommendation is **APPROVED** and **ADOPTED
in part,** and **REJECTED in part;**[2]

---

[1]    The Court undertakes a de novo review of the portions of
the Report and Recommendation to which a party has objected. See 28
U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Cont'l Cas. Co. v.
Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court
"may accept, reject or modify, in whole or in part, the findings or
recommendations made by the magistrate judge." 28 U.S.C. §
636(b)(1).

[2]    Magistrate Judge Rueter recommends that the Court grant
Defendants' motions for summary judgment because the undisputed
facts show that Plaintiff's claims are barred by the statute of
limitations.  Report & Recommendation 11, ECF No. 103.  For the
reasons that follow, the Court concludes that some – but not all –
of Plaintiff's claims are time barred.  The Court therefore adopts
in part and rejects in part Magistrate Judge Rueter's Report and

Recommendation.

     As Magistrate Judge Rueter explains, the statute of
limitations for actions brought under 42 U.S.C. § 1983 is governed
by the personal injury tort law of the state where the cause of
action arose – in this case, Pennsylvania.  Kach v. Hose, 589 F.3d
626, 634 (3d Cir. 2009).  Under Pennsylvania law, a plaintiff must
bring a § 1983 claim within two years of when that claim accrued.
42 Pa. Cons. Stat. § 5524(2).  Federal law determines when a § 1983
claim accrues, and it provides that such a claim accrues "when the
plaintiff knew or should have known of the injury upon which its
action is based."  Kach, 589 F.3d at 634 (quoting Sameric Corp. v.
City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)).  More generally,
a cause of action has accrued when "the last event necessary to
complete the tort" takes place, "usually at the time the plaintiff
suffers an injury."  Id.  Once an injury occurs and its cause is
known (or is reasonably knowable), a cause of action accrues even if
"the full extent of the injury is not known or predictable."  Id. at
634-35.

     Plaintiff filed his complaint on October 22, 2010, which
means that the two-year limitations period began to run on October
22, 2008.  Accordingly, any claims that accrued prior to that date
would generally be barred by the statute of limitations.

     The Court agrees with Magistrate Judge Rueter that
undisputed evidence shows that some of Plaintiff's claims accrued
before October 22, 2008.  Plaintiff alleges that, from the time of
his transfer to SCI-Graterford in 2006 through the filing of the
complaint, he was kept in polluted and unventilated cells about half
of the time, which seriously harmed his health.  He says that the
unventilated environment caused him to cough up mucus and blood,
suffer "severe headaches," and experience asthma-like symptoms,
among other adverse effects.  Compl. ¶¶ 40, 43, 47.  He further
contends that Defendants knew of and ignored the health consequences
of his living conditions, and thus were deliberately indifferent to
his serious medical needs.  According to Plaintiff, although the
harmful conditions at SCI-Graterford were "continuous and ongoing,"
he "only recently discovered that the conditions had," over time,
"caused him substantial injuries to his lungs, and possibly heart."
Compl. § 42.

     But while it may be true that the scope of Plaintiff's
injuries became apparent only recently, the medical records and

2

grievance reports obtained during limited discovery reveal that
Plaintiff knew he had been injured well before October 2008.
Indeed, as Magistrate Judge Rueter explains, Plaintiff complained of
headaches and breathing problems due to inadequate ventilation on
numerous occasions between 2006 and 2008.  See Report &
Recommendation 7-8.  Plaintiff does not contest the substance of
those records and reports (except to contend that chronic
obstructive pulmonary disease ("COPD") was not recorded on his list
of chronic problems until after 2008).  See Pl.'s Objections, ECF
No. 115; Pl.'s Decl., ECF No. 117; Pl.'s Mot. Sanctions, ECF No. 84.
It is therefore undisputed that Plaintiff knew of some of the
injuries upon which his action is based before October 22, 2008.
Moreover, because Plaintiff knew he was injured and knew the cause
of his injury, his claims accrued even if "the full extent of the
injury" may not have been "known or predictable" at that time.
Kach, 589 F.3d at 634-35.  Accordingly, all of Plaintiff's claims
regarding his living conditions prior to October 22, 2008, accrued
before that date, and thus are barred by the statute of limitations.

     The Court also agrees with Magistrate Judge Rueter that
the "continuing violation doctrine" cannot help Plaintiff avoid a
strict application of the statute of limitations.  That doctrine,
which is an "equitable exception to the timely filing requirement,"
allows an otherwise untimely action to be treated as timely "when a
defendant's conduct is part of a continuing practice," "so long as
the last act evidencing the continuing practice falls within the
limitations period."  Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d
Cir. 2001).  The continuing violation doctrine permits a plaintiff
to obtain relief in "situations where the illegality of a
defendant's conduct becomes apparent only over a period of time,"
and thus it would be unfair to penalize the plaintiff for his delay
in filing suit.  Arneault v. O'Toole, 864 F. Supp. 2d 361, 391 (W.D.
Pa. 2012).  The doctrine is inapplicable when the complained-of
conduct "consists of a discreet and actionable injury of which a
reasonable plaintiff would have been aware."  Id.  The most
important factor courts consider when determining whether the
doctrine applies is the "degree of permanence" of defendant's
actions.  Cowell, 263 F.3d at 292.  If the challenged act "had a
degree of permanence which should trigger the plaintiff's awareness
of and duty to assert his/her rights," the continuing violation
doctrine is generally unavailable.  Id.

     Plaintiff here complains of the relatively fixed

conditions of his confinement – the lack of windows, the sheets of metal covering the cell fronts, the condition of the air ducts, and the like.  See Compl. ¶¶ 20-26.  Those conditions "had a degree of permanence" that should have triggered Plaintiff's awareness of the need to assert his rights.  See Cowell, 263 F.3d at 292.  Furthermore, as discussed above, Plaintiff knew he was being harmed by his living conditions, and so he was fully able to bring an action within the proper time period.  See Foster v. Morris, 208 F. App'x 174, 178 (3d Cir. 2006) (holding that the lack of wheelchair accessible restroom facilities "had a degree of permanence such that they put [plaintiff] on notice of his duty to assert his rights").  Therefore, as he has no excuse for sleeping on his rights, Plaintiff cannot make use of the continuing violation doctrine's equitable exception to the statute of limitations.

Nonetheless, the Court disagrees with Magistrate Judge Rueter that, because of those failings, Plaintiff's entire action is time barred.  The statute of limitations does not bar claims that accrued within two years of the filing of the complaint.  Plaintiff says that he was continuously exposed to unventilated conditions from 2006 until the filing of the complaint.  More to the point, he alleges that Defendants continued their harmful actions after October 22, 2008, causing him new injuries and exacerbating his existing ones.  Claims arising from that treatment cannot be time barred, as the complained-of conduct and any resulting injuries occurred within the two-year limitations period.  See Kost v. Kozakiewicz, 1 F.3d 176, 189 (3d Cir. 1993) (explaining that a deliberate indifference claim alleging that plaintiff suffered eight heatstrokes due to the unventilated conditions of his cell was timely as long as "one or some of these heatstrokes did occur" within the limitations period); see also Foster, 208 F. App'x at 178 (allowing plaintiff to seek recovery for alleged violations of the Americans with Disabilities Act that occurred within the limitations period, even when identical violations occurred prior to the limitations period).

The Court will therefore adopt in part and reject in part Magistrate Judge Rueter's Report and Recommendation.  The Court agrees that Plaintiff cannot bring claims based upon his living conditions prior to October 22, 2008, as those claims are barred by the statute of limitations.  He can, however, challenge the conditions he experienced between that date and October 22, 2010, as those claims accrued within two years of the filing of the

(2)   Plaintiff's objections to the Report and Recommendation are **GRANTED in part** and **OVERRULED in part**;[3]

(3) Defendants' Motions for Summary Judgment (ECF No. 44 & 49) are **GRANTED in part** and **DENIED in part**;[4]

(4) Defendants' Motions to Dismiss (ECF Nos. 8 & 12) are **DENIED;**

(5) Plaintiff's Motion to Strike (ECF No. 86) is **DENIED;** and

(6) Plaintiff's Supplemental Motion for a Temporary

---

complaint.

[3]     Plaintiff contends that the Court cannot grant summary judgment to Defendants on the current evidentiary record, as discovery was limited to medical records and grievance reports from between 2006 and 2008.  See Pl.'s Objections ¶¶ 1-3.  Although he explains in his accompanying declaration (ECF No. 117) that he needs additional discovery to show that some of his claims did not accrue until after October 2008, he does not explain how additional discovery would alter the conclusion that claims arising from pre-October 2008 conduct are time barred.  Therefore, to the extent that Plaintiff contends that summary judgment on those claims is inappropriate, his objections are overruled.  Nonetheless, the Court agrees that some of Plaintiff's claims are not time barred, and that he may be entitled to further discovery on those claims.

[4]     Defendants' sole argument in their motions for summary judgment is that Plaintiff's claims are barred by the statute of limitations.  As discussed above, see supra note 2, the Court agrees that the statute of limitations bars some of Plaintiff's claims, and thus it will grant summary judgment to Defendants on all claims arising from conduct occurring before October 22, 2008.  Summary judgment is inappropriate, however, on claims arising from conduct that occurred between October 22, 2008 and the filing of the complaint, as those claims are not time barred.

Restraining Order and Preliminary Injunction (ECF No. 55) is **DENIED.**[5]

An appropriate scheduling order shall follow.


**AND IT IS SO ORDERED.**


**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,      J.**

---

[5]        Plaintiff's original motion for a temporary restraining order ("TRO") and preliminary injunction alleged that he was subject to inadequate prison conditions at SCI-Graterford.  On or around July 2, 2013, Plaintiff was transferred from SCI-Graterford to SCI-Smithfield, and so the Court denied Plaintiff's TRO motion as moot.  ECF No. 48.  Then, on August 2, 2013, Plaintiff filed a supplemental motion for a TRO and preliminary injunction, this time contending that he is being housed in inadequate conditions at his new facility.  ECF No. 55.  He does not allege any new facts, however, instead "rel[ying] on the statement of facts contained in his original motion for TRO and Preliminary Injunction."  Pl.'s Mem. Support Supp. Mot. TRO.

Plaintiff's motion cannot succeed, as he has not established a likelihood of success on the merits.  See Kos Pharm., Inc. v. Adrex Corp, 369 F.3d 700, 708 (3d Cir. 2004) (providing that a "party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief").  First of all, the facts Plaintiff points to relate only to his previous place of incarceration, and thus he has provided no factual basis for the relief he seeks.  Furthermore, Defendants in this case are not responsible for his current conditions of confinement, as they have no control over the conditions or medical care provided at SCI-Smithfield.  Plaintiff therefore must file a new cause of action against the proper defendants in order to achieve his requested relief.

6